# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| RANDELL RIPPETOE, and his wife, LAURA RIPPETOE | ) ) ) | |
| v.      Plaintiffs, | ) ) | No: 3:11-cv-124 JURY DEMAND |
| LOWE'S HOME IMPROVEMENT, LLC, and JOHN DOE | ) ) ) ) | JUDGE NIXON MAGISTRATE JUDGE BROWN |
| Defendant. | ) | |

## CASE MANAGEMENT ORDER

Pursuant to Rule 16.01(d) of the Local Rules of the Court, the Parties have conferred and have submitted this proposed initial case management order:

**I.      Jurisdiction**

Plaintiff submits that the Court's jurisdiction in this case is predicated on Title 28 U.S.C. § 1332.

**II.     Parties' Theories of the Case**

**A.      Plaintiff's Theory**

On or about April 8, 2010 at approximately 2:00 p.m., Plaintiff RANDELL RIPPETOE purchased 135 fencing boards from the Lowe's Home Improvement Store located at 3060 Mallory Lane in Franklin, Tennessee.

On said date, time and place, Plaintiff was instructed to proceed to the contractor's loading area of the property at 3060 Mallory Lane in Franklin, Tennessee.

On said date, time and place, Plaintiff positioned his pickup truck in the assigned area and began to prepare to secure the lumber he bought.

On said date, time and place, Lowe's Home Improvement employee, JOHN DOE,

in the scope and course of his duties, approached Plaintiff's vehicle with the aforementioned lumber on a forklift.

At said date, time and place, JOHN DOE, negligently lifted the load of lumber to an unreasonable height in the air with the forklift he was operating.

At said date, time and place the lumber fell from that height and struck Plaintiff causing serious bodily injury.

As a proximate result of Defendant JOHN DOE's negligence in the operation of said forklift, the Plaintiff has suffered serious and permanent physical injuries, pain and suffering, incurred medical treatment and expenses, disability, and other damages and expenses, for all of which the Defendant JOHN DOE is liable and Plaintiffs deserve to be compensated.

Upon information and belief, Defendant, LOWE'S HOME IMPROVEMENT, LLC, knew of, or in the exercise of reasonable care, should have known that Defendant, JOHN DOE, who was the operator of the forklift that was involved in the accident referenced herein, was not properly trained, skilled and/or supervised and should not have been entrusted with the control of this dangerous heavy machinery for use in the course and scope of its employer/employee relationship with Defendant, JOHN DOE.

Defendant, LOWE'S HOME IMPROVEMENT, LLC, was negligent in its failure to train and/or supervise Defendant JOHN DOE.

The negligence of Defendant, LOWE'S HOME IMPROVEMENT, LLC, was the proximate cause of the injuries sustained by Plaintiff.

  **B.** **Theory of the Defendants-** Lowe's denies any and all allegations

of negligence, fault and liability, including those above, and including those asserted in the Complaint, as well as any other allegation of fault, liability and negligence as against Lowe's or it's employees.  Lowe's denies that it or it's employee negligently operated the subject fork lift, negligently worked with the subject lumber, or in any way acted negligently.   Further, Lowe's denies that either Lowe's or their employee caused the subject lumber in question to fall, and instead, it is asserted that it was the Plaintiff, Randell Rippetoe whom caused the lumber to fall.  This constitutes no negligence on the part of Lowe's, and further, the Plaintiff's claims are barred, or shall be proportionally reduced, pursuant to the Doctrine of  comparative fault and comparative negligence, due to Mr. Rippetoe causing the lumbar to fall, and due to any other fault or negligence of the Plaintiff, Randell Rippetoe.  Any fault and negligence of Randell Rippetoe is imputed to Laura Rippetoe.   Further, the Defendants do not have sufficient proof  that the Plaintiff suffered any significant injury as a result of this, in that discovery is not yet completed.  As such, the Defendants deny the allegations of injuries and damages as asserted by the Plaintiffs.   Likewise, to the extent ( if applicable after the discovery process is completed) that the Plaintiffs have failed to mitigate their damages, the Defendants rely upon same as well.   Additionally, the Defendant's have pled in their Answer failure to join an indispensable party, insufficiency of process and insufficiency of service of process, due to the wrong Lowe's entity being sued, and due to a John Doe employee being stated in the Complaint, and any said applicable defenses are relied upon in that regard as well.  The Parties have, however, submitted an order to the Court agreeing to substitute in the correct Lowe's entity, Lowe's Home Centers Inc.    Additionally, the Plaintiff has filed

this case in Federal Court, however diversity of citizenship is not present if the John Doe employee is a Tennessee Resident.

### III. Schedule of Pretrial Proceedings

1. Fed. R. Civ. P. 26(a)(1) initial disclosures shall be served by Friday, May 6, 2011.

2. The deadline for plaintiff to disclose [in accordance with Fed. R. Civ. P. 26(a)(2)] all experts is Friday, July 1,2011. Additionally, plaintiffs shall identify by Friday, July 1, 2011, all treating health care providers who may testify at trial.

3. The deadline for plaintiff to complete all expert depositions for evidence (including treating health care providers) is September 30, 2011.

4. The deadline for defendant to disclose [in accordance with Fed. R. Civ. P. 26(a)(2)] all experts is October 31, 2011. As part of its expert disclosure, defendant shall identify by October 31, 2011, all treating health care providers who may testify at trial. The Defendants are entitled to an IME upon the Plaintiff by a health care provider of their choice, at the Defendant's expense, and said IME, if elected, shall be performed by October 31, 2011. Any expert opinions to be used by Defendant shall be disclosed in accordance with Rule 26 F.R.C.P, by November 21, 2011.

5. The deadline for defendant to complete all expert depositions for evidence (including treating health care providers) is December 23, 2011.

6. Plaintiff shall have until Thursday, November 17, 2011, to complete any rebuttal expert proof.

7. All discovery shall be completed by December 30, 2011.

8. Dispositive motions shall be served and filed on or before January 31, 2012. Any response to a dispositive motion shall be filed within 21 days of the filing of the motion. Any reply, limited to 5 pgs if necessary, shall be filed within one week of the filing of the response.

9. The parties request a trial in June 2012. The parties presently estimate that trial will take two (2) days.

I. **Discovery Limitations**

The Parties presently do not anticipate that enlargement of the discovery limitations set for the in the Federal Rules of Civil Procedure will be required. However, the Parties reserve the right to request an enlargement from the Court should such become necessary as discovery proceeds. No motions concerning discovery are to be filed until after the parties have conferred in good faith, and unable to resolve their differences, have scheduled and participated in a conference call with Judge Brown.

II. **Other Orders**

The deadline for filing motions to amend the pleadings shall be Wednesday, August 31, 2011, unless leave of Court is obtained for good cause shown.

III. **Status of Service of Process**

The Defendant, LOWE'S HOME IMPROVEMENT, LLC, was served on March 9, 2011. Defendant JOHN DOE has not been served, but service will be perfected upon identification of said Defendant through discovery.

IV. **Status of Responsive Pleadings**

The Answer of the Defendant LOWE'S HOME IMPROVEMENT, LLC, was

filed on March 10, 2011.

V.     **Prospects for Settlement** Unknown at this time.

**As parties have consented to proceed before the Magistrate Judge, a Jury Trial is set for June 12, 2012 at 9:00 am with Final Pretrial Conference set for May 29, 2012 at 10:00 am.**

/S/ Joe B. Brown
MAGISTRATE JUDGE BROWN

**APPROVED FOR ENTRY:**

s/ Blair Durham
Blair Durham (021453)
Attorney for Plaintiff
1709 19th Avenue South
Nashville, TN 37212
(615) 252-9937
blair@durhamanddread.com


s/ Benjamin E. Winters
Benjamin E. Winters (023970)
Attorney for Plaintiff
1709 19th Avenue South
Nashville, TN 37212
(615) 252-9937
ben@durhamanddread.com


s/ Richard Spicer
Richard Spicer (017572)
Attorney for Defendants
414 Union Street
Suite 1700
Nashville, TN 37219
(615) 259-9080
res@spicerfirm.com